IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAREN MERCIER HAGEMEYER, Individually and a/n/f of A.H., A.H., and J.H., minor children<br>*Plaintiffs,*<br><br>vs.<br><br>CHARGER LOGISTICS USA INC., LS EXPRESS LLC, and AMAR AMIR GREGES<br>*Defendants.* | § § § § § § § § § § § § | CIVIL ACTION NO. _____<br><br>JURY DEMANDED |

### PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE COURT:

Plaintiffs KAREN MERCIER HAGEMEYER, Individually and as next friend of A.H., A.H., and J.H., minor children, file this their Original Complaint and Jury Demand against CHARGER LOGISTICS USA INC., LS EXPRESS LLC, and AMAR AMIR GREGES Defendants, and for cause-of-action respectfully show this Court as follows:

### I.   JURISDICTION AND VENUE

**1.1** The court has jurisdiction over the lawsuit under 28 U.S.C. §1332 (a)(1) and (2) because the Plaintiffs and the Defendants are citizens of different states/foreign state and the amount in controversy exceeds $75,000.00, excluding interest and costs. Plaintiffs herein are citizens of the State of Texas. Defendant Charger Logistic USA INC. is a resident of the State of Indiana. Defendants Amar Amir Gerges and Defendant LS Express LLC are residents of the State of Michigan. None of the Defendants herein have a principle place of business in Texas.

**1.2** Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §1391 (b) (2).

1.3     Defendant Charger Logistic USA INC is a company that contracts with independent truck drivers to deliver freight all over the United States, including the State of Texas.

1.4     Defendant AMAR AMIR GREGES is an independent owner/operator doing business under LS EXPRESS LLC. They drive freight throughout the United States, including in the State of Texas.

1.5     Defendants have purposefully availed themselves of the privileges and benefits of conducting business in Texas.

1.6     Defendant's alleged liability in this case arises from or is related to the delivery of freight to businesses in the State of Texas.

1.7     The Court's exercise of personal jurisdiction over Defendants comports with due process.

## II.     PARTIES

2.1     Plaintiffs Karen Mercier Hagemeyer, individually and a/n/f of A.H., A.H., and J.H. are residents and citizens of Montgomery County, Texas

2.2     Defendant Charger Logistic USA INC. is a foreign corporation established under the laws of the State of Indiana and doing business in Texas and may be served with process by mailing a copy of the summons and of the complaint to Charles Macleod-Stuart, the principal of Charger Logistic USA INC., at his usual place of business 1939 N. Lafayette Court, Griffith, IN 46319.

2.3     Defendant LS Express LLC is a limited liability company organized under the laws of the State of Michigan with the citizenship of all their members in states other than the State of Texas. Defendant LS Express LLC's principle place of business is in Sterling Heights, Michigan. Defendant LS Express LLC may be served with process by serving its registered agent Amar Amir

Gerges at 8301 16 ½ Mile Road, Sterling Heights, Michigan 48312 or by mailing a copy of the summons and of the complaint to its registered agent and owner, Amar Amir Gerges at his usual place of business 8301 16 ½ Mile Road APT 223, Sterling Heights, Michigan 48312.

2.4 Defendant Amar Amir Gerges resides in Macomb County, Sterling Heights, Michigan and may be served with process at 8301 16 ½ Mile Road APT 223, Sterling Heights, Michigan 48312 or wherever he may be found.

### III. FACTUAL ALLEGATIONS

3.1 On or about September 20, 2015, Plaintiff Karen Mercier Hagemeyer was traveling east bound on IH-10 in the 722 mile maker in the left, inside lane with her three minor children, A.H., A.H., and J.H.

3.2 All parties inside the Hagemeyer vehicle were properly restrained.

3.3 Defendant Amar Amir Greges was traveling immediately behind the Plaintiffs.

3.4 Traffic was stopping quickly due to heavy traffic caused by a separate motor vehicle collision that had previously occurred further ahead in the east bound IH-10 lanes.

3.5 As Plaintiff Karen Mercier Hagemeyer was coming to a stop, Defendant Amar Amir Greges failed to control his speed and rear ended the Plaintiffs.

3.6 At all relevant times herein, Defendant Amar Amir Greges was an employee of Defendant LS Express LLC.

3.7 Defendant Charger Logistic USA INC. hired Defendant LS Express LLC and/or Amar Amir Greges in furtherance of its business.

3.8 Defendant Amar Amir Greges was within the scope of his employment at the time of the collision made basis of this lawsuit.

## IV. NEGLIGENCE OF AMAR AMIR GREGES

4.1 Defendant Amar Amir Greges was negligent in one or more of the following particulars, each of which acts and/or omissions, individually or collectively constitute negligence which proximately caused the incident made the basis of this lawsuit, and the resulting injuries and damages to Plaintiffs:

a. In failing to maintain a proper lookout;

b. In failing to make a timely and proper application of the brakes of his vehicle;

c. In failing to bring the vehicle to a stop before it collided with Plaintiffs' vehicle;

d. In failing to use due caution;

e. In being inattentive and failing to maintain proper control of his vehicle;

f. In failing to control the speed of his vehicle; and

g. In operating his vehicle in a manner other than which it would have been operated by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances.

## V. RESPONDEAT SUPERIOR

5.1 At all times material hereto, all agents, servants, and/or employees of Defendants Charger Logistic USA INC. and LS Express LLC, including Defendant Amar Amir Greges, were acting within the course and scope of employment and/or official duties.

5.2 Furthermore, at all times material hereto, all agents, servants, and/or employees of Defendants Charger Logistic USA INC. and LS Express LLC, including Defendant Amar Amir Greges, were acting in furtherance of the duties of their office and/or employment.

5.3 Therefore, Defendants Charger Logistic USA INC. and LS Express LLC are responsible for all damages resulting from the negligent acts and/or omissions of their agents,

servants, and/or employees, including Defendant Amar Amir Greges, pursuant to the Doctrine of *Respondeat Superior.*

## VI. NEGLIGENT ENTRUSTMENT, TRAINING AND SUPERVISION – L.S. EXPRESS and CHARGER LOGISTIC USA INC

6.1 Defendant LS Express LLC entrusted its vehicle to Defendant Amar Amir Greges for the purpose of operating it, and Defendant Amar Amir Greges operated it with the knowledge, consent, and permission of Defendant LS Express LLC.

6.2 At such time, Defendant Amar Amir Greges was incompetent and unfit to safely operate a motor vehicle. Defendant LS Express LLC knew or should have known, in the exercise of due care, that Defendant Amar Amir Greges was an incompetent and unfit driver and would create an unreasonable risk of danger to persons and property.

6.3 Plaintiffs also allege that, upon the occasion in question, Defendants LS Express LLC and Charger Logistic USA INC. were negligent for failing to use ordinary care by various acts and omissions in at least the following ways:

(a) In failing to properly screen, test, and qualify drivers, specifically including Defendant Amar Amir Greges, so as to provide for the safe operation of tractor-trailer such as the one involved in the occurrence in question;

(b) In employing and retaining drivers, specifically including Defendant Amar Amir Greges, who lacked proper screening, testing, training, and qualifications so as to provide for the safe operation of tractor-trailers such as the one involved in the occurrence in question;

(c) In failing to properly train and supervise drivers, specifically including Defendant Amar Amir Greges, so as to provide for the safe operation of tractor trailers such as the one involved in the occurrence in question;

(d) Knowingly and negligently entrusting its vehicle and/or trailer to a reckless, incompetent, and/or unlicensed driver;

(e) Knowingly and negligently entrusting its vehicle to an inexperience driver;

(f) Failing to use reasonable care in recruiting and selecting employees; and

(g) Failing to use reasonable care in monitoring and supervising the conduct of employees and/or independent contractors hired to perform tasks in furtherance of the Defendant's business.

## VII.  DAMAGES

7.1     Upon trial of this case, it will be shown that Plaintiff sustained serious injuries and damages proximately caused by Defendant's negligence, and/or negligence per se. Plaintiff requests the Court and jury to determine the amount of they have incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain, suffering, and mental anguish. There are certain elements of damages provided by law that Plaintiff is entitled to have the jury in this case separately consider to determine the sum of money for each element that will fairly and reasonably compensate them for his injuries, damages, losses incurred and to be incurred.

PAST DAMAGES

7.2     From the date of the incident in question until the time of trial of this case, those elements of damages to be considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff for each element are as follows:

1. Physical pain;

2. Mental anguish;

3. Medical expenses; and

4. Damages resulting from physical impairment and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform.

FUTURE DAMAGES

7.3     From the time of trial of this case, the elements of damages to be separately considered that Plaintiff will sustain in the future beyond the trial, are such of the following elements that are shown by a preponderance of the evidence upon the trial of this case:

1. Physical pain;

2. Mental anguish;

3. Medical expenses; and

4. Damages resulting from physical impairment and the resulting inability to do those tasks and services that Plaintiff ordinarily would have been able to perform.

7.4     Because of all of the above and foregoing, Plaintiffs have been damaged, and will be damaged, in an amount far in excess of the minimal jurisdictional limits of the Court.

7.5     The damages sought are in excess of the minimum jurisdictional limits of the court.

## VIII.     PRE-JUDGMENT AND POST JUDGMENT INTEREST

8.1     Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

## IX.     JURY DEMAND

9.1     Plaintiffs respectfully request a trial by jury

## PRAYER

WHEREFORE, Plaintiffs pray that this cause be set for trial before a jury, and that Plaintiffs recover judgment or and from Defendants for actual and exemplary damages in such amounts as the evidence may show and the jury may determine to be proper, together with prejudgment intertest, post-judgment interest, costs of court, and such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

**THE MIDANI LAW FIRM**

By: *[signature]*

Mark O. Midani
(*Designated Lead Counsel*)
SBOT# 14013250
Federal ID No.
mmidani@mhclaw.net
Bridgit A. White
SBOT# 24008269
Federal ID No. 23725
bwhite@mhclaw.net
1616 S. Voss, Suite 450
Houston, Texas 77057
TEL: (713) 871-1001
FAX: (713) 871-1054